# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 23, 2010

No. 10-50142
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ERNESTO RIASCO-CAICEDO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:09-CR–454-1

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Ernesto Riasco-Caicedo was convicted of one count of illegal reentry into the United States, and the district court sentenced him to serve 65 months in prison and a three-year term of supervised release. In this appeal, he argues that his within-guidelines sentence is unreasonable because the district court failed to properly account for his reasons for returning to this country, his difficult childhood, and the unavailability of the fast track adjustment. He also contends his within-guidelines sentence should not be presumed reasonable

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

because U.S.S.G. § 2L1.2 is not empirically based and is thus flawed under *Kimbrough v. United States*, 552 U.S. 85, 109-10 (2007).  These arguments are unavailing, and our review of the record and pertinent jurisprudence shows no abuse of discretion in connection with the sentence imposed.  *See United States v. Delgado-Martinez,* 564 F.3d 750, 752 (5th Cir. 2009).

The final argument raised by Riasco-Caicedo is that his sentence is unreasonable because his prior conviction for two robberies was used to calculate both his offense level and his criminal history score, including points for the recentness of the conviction.   The empirical data and multiple-counting arguments raised by Riasco-Ciacedo are substantially similar to others that have previously been rejected by this court and are thus unavailing.  *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009).   His fast track argument is likewise foreclosed.  *See United States v. Gomez-Herrera*, 523 F.3d 554, 563 (5th Cir.), *cert. denied*, 129 S. Ct. 624 (2008).

Finally, Riasco-Ciacedo's arguments concerning the district court's weighing of his mitigating sentencing factors amount to a disagreement with the district court's weighing of these factors and the appropriateness of his within-guidelines sentence.  This disagreement does not suffice to show error in connection with his sentence.  *See Gomez-Herrera*, 523 F.3d at 565-66.  Riasco-Ciacedo has not rebutted the presumption of reasonableness that attaches to his within-guidelines sentence, nor has he shown that his sentence was unreasonable.  *See United States v. Mares*, 402 F.3d 511, 519-20 (5th Cir. 2005); *United States v. Alonzo*, 435 F.3d 551, 554-55 (5th Cir. 2006).  Accordingly, the judgment of the district court is AFFIRMED.